## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **LUIS ILLARAZA,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIV. NO.: 2008-CV-59** |
| v. | ) | |
| | ) | **(Consolidated Cases)** |
| **HOVENSA, L.L.C., ANTHONY CRANE** | ) | |
| **INT'L., L.P., UNITED STEELWORKERS** | ) | |
| **LOCAL UNION #8248, UNITED** | ) | |
| **STEELWORKERS OF AMERICA** | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| | ) | **Civ. No. 2007-CV-125** |
| **JOSE ILLARAZA,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ANTHONY CRANE INTERNATIONAL,** | ) | |
| **HOVENSA and UNITED STEELWORKERS** | ) | |
| **UNION,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Finch, Senior Judge

THE MATTER is before the Court on Defendant Anthony Crane International LP's

("Defendant" or "ACI") Motion to Dismiss Plaintiff Luis Illaraza's ("Plaintiff" or "Illaraza")

claims against ACI.  ACI asserts that Count II is preempted by the Labor Management Relations

Act § 301, 29 U.S.C. § 185 ("LMRA"). ACI further contends that the claims alleged in Counts

II-VIII must be dismissed for failure to state a claim upon which relief can be granted.  For the

reasons discussed below, Defendant's Motion to Dismiss is GRANTED.

# I. Background

Plaintiff is a licensed crane operator and skilled heavy equipment operator who was employed by ACI for approximately four years at the HOVENSA refinery. As an employee of ACI, Plaintiff was a member of the United States Steelworkers Union ("USWU") and a party to the Collective Bargaining Agreement ("CBA") between ACI and USWU.[1] On August 11, 2006, while at work, Plaintiff was arrested by the Virgin Islands Police Department for stealing property from defendant HOVENSA and charged with theft. ACI suspended Plaintiff pending resolution of the charges. Subsequently, the charges against Plaintiff were dismissed. However, HOVENSA refused to grant Plaintiff access to its facilities, and ACI refused to reinstate Plaintiff or hire him for work outside of HOVENSA. Plaintiff then brought a complaint alleging the following claims against ACI: wrongful discharge (count II); slander and libel constituting defamation per se (count III); abuse of process and malicious prosecution (count V); false imprisonment (count VI); and intentional or negligent infliction of emotional distress (count VII); and compensatory and punitive damages (count VIII) for these intentional torts.[2]

# II. Standard of Review

## A. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"When reviewing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), we accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if

---

[1] Plaintiff objects to Defendant's reliance on the CBA in its Motion to Dismiss. However, Plaintiff acknowledges that Plaintiff was a party to the CBA in his complaint. (Pl. Compl.¶ 1) ("at all relevant times, Defendants were parties to a Collective Bargaining Agreement (CBA) governing Plaintiff's employment").

[2] As indicated above, ACI asks the Court to dismiss Count IV. In Count IV of the complaint, Plaintiff alleges that HOVENSA tortiously interfered with Plaintiff's contractual relationship with ACI. (Compl. ¶¶ 50-52.) Despite Defendant's ACI inclusion of Count IV in its motion to dismiss, the Court need not consider Count IV in this Opinion since Plaintiff does not therein assert ACI's culpability.

the pleading does not plausibly suggest an entitlement to relief." *United States DOT ex rel. Arnold v. CMC Eng'g*, 564 F.3d 673, 676 (3d Cir. 2009) (citing *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 321-22 (3d Cir. 2008)). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff need not provide detailed factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). *See also* Fed. R. Civ. P. 8 ("a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). The pleading should merely provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Windowizards, Inc. v. Castle "The Window People," Inc.*, 2001 WL 586810 at *1 (E.D. Pa. May 30, 2001). However, a plaintiff is obliged to provide the grounds of his entitlement to relief that goes beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.* (citations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 557) (internal quotations omitted)). To establish facial plausibility, the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citations omitted). While "the plausibility standard is not akin to a "probability requirement" . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In deciding a motion to dismiss, "the court may consider documents that are attached to or submitted with the complaint . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Such consideration will not necessarily convert a motion to dismiss into one for summary

judgment.  *Speaks v. Government of Virgin Islands*, 2009 WL 167330, at *1 (D.V.I. Jan. 14,

2009) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).

## III.    Discussion

Defendant argues that the Count II should be dismissed because this claim is preempted by §

301 of the LMRA.  Defendant asks the Court to dismiss counts III-VIII as to Defendant ACI

because Plaintiff has failed to plead facts to support these claims against ACI.[3]  In his

Opposition, Plaintiff opposes the dismissal of counts II, III, V, VII and VIII.

### A.  Preemption Under § 301 of the LMRA

Defendant alleges that Plaintiff's claim against ACI for wrongful discharge is preempted

by § 301 of the Labor Management Relations Act ("LMRA") and should be dismissed.

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization
> representing employees in an industry affecting commerce as defined in this chapter, or
> between any such labor organizations, may be brought in any district court of the United
> States having jurisdiction of the parties, without respect to the amount in controversy or
> without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

While the terms of the statute merely authorize federal jurisdiction over disputes

involving labor contracts, case law that has evolved under § 301 provides for federal preemption

of a state-law claim when that claim requires the interpretation and application of a collective

bargaining agreement.  *Stafford v. Hess Oil Virgin Islands Corp.*, 133 F. Supp. 2d 384, 387

(D.V.I. 2001).  For example, the Supreme Court has held that "[s]ection 301 governs claims

founded directly on rights created by collective-bargaining agreements, and also claims

---

[3] As noted earlier, Count IV is not applicable as to Defendant ACI.

"substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (citations omitted). "[U]nder the "substantially dependent" analysis, state-law rights and obligations that do not exist independently of collective bargaining agreements, and that as a result can be waived or altered by such agreements, are preempted by those agreements." *Stafford*, 133 F. Supp. 2d at 388 (citing *Allis-Chalmers*, 471 U.S. 202, 213 (1985)).

Here, Plaintiff has asserted a claim of wrongful discharge against Defendant ACI in his complaint, alleging that ACI refused to provide work to Plaintiff because Hovensa had removed Plaintiff's ability to access the refinery. (Compl. ¶ 23). The Virgin Islands Wrongful Discharge Act ("WDA"), codified at 24 V.I.C. § 76, provides that the grounds for dismissal enumerated therein can be modified pursuant to a union contract.[4] As the Third Circuit has held, the consequence of this "opt out" provision of the WDA is that where a CBA is in place and a wrongful discharge claim asserted, the Court "must interpret whether the provisions of the CBA add a new grounds for discharge not included in the WDA." *Guerrero v. Hovensa LLC*, 2007 WL 4468668, at *3 (3d Cir. 2007). The court in *Guerrero* found that "[b]ecause this analysis requires interpretation of the CBA, [the plaintiff's] WDA claim is completely preempted." *Id*.

---

[4] Section 76 provides
   (a) **Unless modified by union contract**, an employer may dismiss any employee:
      (1) who engages in a business which conflicts with his duties to his employer or renders him a rival of his employer;
      (2) whose insolent or offensive conduct toward a customer of the employer injures the employer's business;
      (3) whose use of intoxicants or controlled substances interferes with the proper discharge of his duties;
      (4) who wilfully and intentionally disobeys reasonable and lawful rules, orders, and instructions of the employer; provided, however, the employer shall not bar an employee from patronizing the employer's business after the employee's working hours are completed;
      (5) who performs his work assignments in a negligent manner;
      (6) whose continuous absences from his place of employment affect the interests of his employer;
      (7) who is incompetent or inefficient, thereby impairing his usefulness to his employer;
      (8) who is dishonest; or
      (9) whose conduct is such that it leads to the refusal, reluctance or inability of other employees to work with him.
24 V.I.C. § 76 (emphasis added.)

(citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988)). *See also Giddings-Slaven v. MVM, Inc.*, 2009 WL 3334508, at *3 (D.V.I. Oct. 14, 2009); *Stafford*, 133 F. Supp. 2d at 388-89. Likewise, in the instant matter, the Court finds that the wrongful discharge claim of Plaintiff cannot be adjudicated without reference to the CBA to determine whether a distinct ground for discharge not included in the WDA is present in the CBA.[5] Thus, Plaintiff's claims are preempted by § 301 of the LMRA and Count II must be dismissed. The issue of timeliness is not relevant with respect to Defendant ACI because the Complaint does not allege a § 301 claim against ACI.

## B. Count III: Slander, libel, defamation, defamation per se

Count III of the Complaint alleges that "[t]he actions of HOVENSA and Anthony Crane constitute slander, libel, defamation and are such that they are defamation per se." (Compl. ¶ 48). In support of this allegation, Plaintiff claims that ACI falsely represented to the police, prosecutors, the Union, and employees of HOVENSA and ACI that the Plaintiff had been involved in stealing a HOVENSA air conditioner. (Compl. ¶¶ 29, 39).[6]

---

[5] Plaintiff asserts that he does not rely on the CBA in bringing his wrongful discharge complaint and that Defendant's reliance on the CBA is not sufficient to invoke § 301 preemption, citing *Caterpillar*, 482 U.S. at 398-99. However, Plaintiff fails to acknowledge that under Virgin Islands law, where a CBA is in place, a claim for wrongful discharge invokes § 301 preemption under the terms of the wrongful discharge statute itself. *Guerrero*, 2007 WL 4468668, at *3-4. While true that "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption," *Caterpillar*, 482 U.S. at 393, it is also true that "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* In *Caterpillar*, the Court found that section 301 did not preempt the respondents' state-law contract claims because the claims were based on alleged "individual employment" contracts the respondents entered into with their employer, rather than the CBA. *Id.* at 394-95. Unlike the situation in *Caterpillar*, in Plaintiff's case, the only employment contract on record is the CBA. The Court concludes that the claim of wrongful discharge brought in this action itself invokes § 301. *See also Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (in a motion to dismiss "the court may consider documents that are attached to or submitted with the complaint . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.")

[6] Defendant originally asserted that the allegation of defamation not only failed to meet the standards of Rule 12(b)(6), but also failed to meet the heightened standard that is applied to defamation claims. (Def. Mem. of Law ¶

A plaintiff establishes a claim for defamation under Virgin Islands law by pleading facts which establish these four elements: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of "special harm" or the existence of "special harm" caused by the publication." *James*, 2008 WL 5211408, at *3 (citing Restatement (Second) of Torts § 558; *Manns v. The Leather Shop Inc*., 960 F. Supp. 925, 929 (D.V.I. 1997)). A disparaging remark that tends to harm someone in his business or profession is actionable irrespective of harm as such a remark falls within the definition of slander or defamation per se. *VECC Inc. v. Bank of Nova Scotia*, 296 F. Supp. 2d 617, 623 (D.V.I. 2003) (citing *Ross v. Bricker*, 770 F. Supp. 1038, 1042 (D.V.I. 1991)). Publication of a statement which imputes a criminal offense to another also constitutes defamation per se. *Charleswell v. Bank of N.S*., 44 V.I. 36, 43 (Terr. Ct. 2001) (citing *Carino v. Golden*, 19 V.I. 371 (Terr. Ct. 1983); *Virgin Islands v. May*, 384 F. Supp. 1035 (D.V.I. 1974); Restatement (Second) of Torts § 570 (1977)). "Slander and libel are both forms of defamation; slander is defamation by words spoken, and libel is defamation by written or printed material." *12th Street Gym, Inc. v. General Star Indem. Co*., 93 F.3d 1158, 1163 (3d Cir. 1996) (citations omitted)).

Notwithstanding the liberal pleading requirement of Fed. R. Civ. P. 8(a), the Court finds that the allegations in Plaintiff's complaint fail to put Defendant on notice of the grounds on which this claim rests. *Windowizards, Inc.*, 2001 WL 586810 at *1. A review of cases where the plaintiff's defamation claim survived a motion to dismiss indicates that the plaintiff had provided some details about the asserted defamatory statements, including the names of the publisher and

---

11.) However, the Defendant has conceded correctly that it is settled law in the Virgin Islands that no heightened pleading standard applies to a claim of defamation. *See James v. Morgan*, 2008 WL 5211408, at *3 (D.V.I. App. 2008) (a heightened pleading requirement for a defamation claim would conflict with Rule 8(a)'s simplified pleading standard.); *VECC, Inc.*, 296 F.Supp.2d 617, 621 (D.V.I. 2003) (finding it inappropriate to apply a more stringent pleading standard to claims for defamation).

the person or persons to whom it was published, dates when the statements were made and the specific content of the defamatory comments. *See, e.g., James*, 2008 WL 5211408, at *1; *VECC, Inc.*, 296 F. Supp. 2d at 621. In *James*, the appellant alleged that on March 6, 1995, defendant Morgan appeared on a television interview which aired on the Channel 8 News program and stated in an interview on the program that the appellant was in arrears in his rent from the beginning of his lease, that his rent payments had bounced and that he was a dishonest, untrustworthy businessman. *James*, 2008 WL 5211408, at *1.[7] In *VECC*, the Plaintiff cited several defamatory statements made on a specific date by the Defendant bank's manager of commercial accounts to the principal of VECC about Plaintiff.[8] *VECC, Inc*, 296 F. Supp. 2d at 621.

On the other hand, this Court has found that the lack of detail in plaintiff's defamation claim warranted dismissal of plaintiff's claim where the plaintiff did "not indicate when, where, or how the alleged statements were made" and did not "identify the specific content of any challenged statement." *Smith v. Virgin Islands Port Authority*, 2010 WL 1381222, at *16 (D.V.I. Mar. 31, 2010).[9] *See also Ali v. Intertek Testing Services Caleb Brett*, 332 F. Supp. 2d 827, 831 (D.V.I.

---

[7] In *James*, the court, without applying a heightened pleading standard, held that plaintiff's defamation claim survived a motion to dismiss based on the following facts: (1) plaintiff had "specifically identified allegedly false and defamatory statements which the Appellees, allegedly made;" (2) plaintiff alleged that "the Appellees made these defamatory remarks to a Channel Eight News reporter on local television;" and (3) plaintiff had alleged that, as a result of the Appellees' actions, he had "suffered both damage to his professional reputation and a "loss of economic opportunities," as well as psychological damages, physical injuries, medical expenses, humiliation, mental anguish, pain and suffering." *Id.* at *3.

[8] The following facts were cited by the plaintiff in support of his defamation claim. When Curt Lake, the principal of VECC, sought an explanation from the bank of the closing of his corporate account, the defendant bank's Manager of Commercial accounts Kerry Swan made the following alleged defamatory statements about plaintiff Del Mare on March 6, 2000: that the Swan was trying to save Lake from plaintiff Del Mare because Del Mare was a person who was not to be trusted, that Swan had closed the VECC's two accounts out of concern that Del Mare would scam the credit cards and steal moneys from the credit card companies and VECC and take up to a half million dollars and leave the island, that Del Mare's credit was no good and that people with bad credit when given credit cards will do anything and steal anything, and that Del Mare would likely steal from Lake. *VECC, Inc*, 296 F. Supp. 2d at 621.

[9] In *Smith*, the plaintiff alleged that "Defendants committed defamation per se by making false statements that my illness was not serious, which implied that I was lying about my medical condition. As a result, rumors circulated that I was faking my illness." *Id.* Although the Court was ruling on a motion for summary judgment, it noted that

2004) (defamation claims were not explicit enough to survive motion to dismiss where plaintiff did not specify when the allegedly defamatory statements were made, by whom, they were made or what they contained).

In another case that is similar to the instant matter, a district court dismissed the plaintiff's defamation claim where plaintiff had failed to identify the "listeners," with sufficient specificity to enable the defendant to answer the complaint. *Vreven v. American Ass'n of Retired Persons*, 604 F. Supp. 2d 9, 15 (D.D.C. 2009). In *Vreven*, the plaintiff alleged that defendant's chief executive officer made defamatory statements to "others at AARP" as well as "to unnamed people outside of AARP." While *Vreven* made specific allegations regarding the content of the statements, the court found that plaintiff's failure to "narrow [the] allegation any further by identifying anyone to whom [the CEO] spoke or wrote by name, by department, or by any other identifying feature" in an organization comprised of about 2,200 people, did not give defendant fair notice of the nature of the claims and the grounds on which the claim rested. *Id*. at 16 (citing *Twombly*, 550 U.S. at 555 n.3). The court noted that the "defendant would have to conduct thousands of interviews in order to answer the complaint." *Id*.[10]

Here, while the Plaintiff provides some specificity with regard to the content of the statement (that ACI falsely stated that Plaintiff was a thief and had been involved in stealing a HOVENSA air conditioner), Plaintiff sets forth only vague allegations regarding who made the statement (ACI, and thus presumably some unnamed employee or employees of ACI), to whom this information was allegedly published (to some member of the following groups: police, prosecutors, the Union and employees of HOVENSA and Anthony Crane), when the statements

---

the lack of detail in the pleadings alone warranted dismissal of the claim. *Id*. (citing *Ali v. Intertek Testing Serv. Caleb Brett*, 332 F. Supp. 2d 827, 831 (D.V.I. 2004).

[10] The district court noted that in the District of Columbia, where the court sat, there was no heightened pleading standard for defamation claims *Id*. at 15.

were allegedly made (from the time of the incident to the present, which was at the time of the complaint 2006-2008, a period of approximately two years). Moreover, despite alleging both slander and libel, Plaintiff fails to cite the form in which these statements were made. Given the dearth of factual allegations in Plaintiff's claim of defamation, the Court is mindful that "[c]onclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *Chemtech Intern., Inc. v. Chemical Injection Technologies, Inc.*, 2006 WL 690837, at *2 (3d Cir. 2006) (citing *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir.1999)). The Court concludes that the Plaintiff, in failing to identify with any specificity the parties to whom Defendant allegedly published the defamatory remarks, or to identify when the remarks were made, has failed to establish a prima facie case of defamation. *Vreven*, 604 F. Supp. at 16. Accordingly, the Court will therefore dismiss the claim for defamation, but will do so without prejudice.

### C. Count V: Malicious Prosecution and Abuse of Process

Plaintiff alleges that ACI engaged in abuse of process and malicious prosecution. (Compl. ¶¶ 54, 55.)

A cause of action for malicious prosecution will lie against a private person who (1) initiated the institution of the proceedings against another who is not guilty of the offense charged; (2) without probable cause; (3) primarily for a purpose other than bringing the offender to justice when (4) those proceedings have terminated in favor of the accused. Restatement (Second) of Torts § 653 (1977)). *See also Airlines Reporting Corp. v. Belfon*, 351 F. Supp. 2d 326, 328 (D.V.I. 2004) (setting forth the cause of action pursuant to Rest. 2d Torts § 653; *Charleswell v. Bank of N.S.*, 44 V.I. 36, 41 (Terr. Ct. 2001) (same)).

The Court finds that Plaintiff has failed to adequately plead malicious prosecution. The incident leading up to and including the arrest is set forth in the Complaint in paragraphs 10-20. As narrated in the Complaint, Plaintiff was a passenger in a truck with HOVENSA foreman Noellen when he was detained on suspicion of stealing an air-conditioner belonging to HOVENSA. (Compl. ¶¶ 11–19.) The arrest took place after "HOVENSA had falsely reported to the police that the air conditioner had been stolen by Plaintiff." (Compl. ¶ 20). Several paragraphs later in the Complaint, Plaintiff allges that "Anthony Crane and HOVENSA continued to falsely represent to the police and prosecutors . . . that the Plaintiff had been involved in stealing a HOVENSA air conditioner." (Compl. ¶ 29.) The word "continued" can only apply to HOVENSA since Plaintiff does not allege that ACI was involved in the detention and subsequent arrest of Plaintiff and Noellen. As the Complaint alleges, "HOVENSA security arrived at the site and blocked Noellen's truck and ordered Noellen out of the truck and kept Plaintiff sitting in the truck." (Compl. ¶ 18.) There is no mention of ACI, or any reason provided in the Complaint to believe that ACI had knowledge that HOVENSA's air-conditioner was located on the tractor truck that Plaintiff was riding in when he was arrested or that ACI procured the arrest of Plaintiff.[11] Because Plaintiff has failed to allege facts showing that Defendant ACI initiated the institution of the proceedings against Plaintiff, this claim must be dismissed.

The Court finds that Plaintiff has also failed to state a claim for abuse of process. Under Virgin Islands law, "[o]ne who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other

---

[11]"A person who does not himself initiate criminal proceedings may procure their institution in one of two ways: (1) by inducing a third person, either a private person or a public prosecutor, to initiate them, or (2) by prevailing upon a public official to institute them by filing an information." Rest. 2d Torts § 653cmt. d. The Complaint fails to allege that ACI did either.

for harm caused by the abuse of process." Restatement (Second) of Torts § 682 (1977). The "gravamen of the misconduct" of abuse of process is "the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish." Rest. 2d of Torts, cmt. a.

The only legal process referenced in Plaintiff's complaint is the arrest of Plaintiff for theft of HOVENSA property. However, as noted above, Plaintiff has set forth no allegation showing that Defendant initiated the arrest or any other legal process against the Plaintiff, or that Defendant "used such a process for an ill-founded purpose." *Glenn v. Dunlop*, 2009 WL 482481, at *6 (D.V.I. Feb. 23, 2009). Therefore, the claim of abuse of process must be dismissed.

### D. Count VI: False Imprisonment

Plaintiff alleges that "[t[he actions of HOVENSA and Anthony Crane were intended to and resulted in the Plaintiff being falsely imprisoned." (Compl. ¶ 58.)

In order to state a claim for false imprisonment in the Virgin Islands, the plaintiff must allege facts supporting the following elements: (1) the defendant intended to confine the plaintiff within boundaries fixed by the defendant; (2) the actions of the defendant directly or indirectly resulted in such confinement of the plaintiff; and (3) the plaintiff was conscious of the confinement or harmed by it. Restatement (Second) of Torts § 35.

First, Plaintiff's complaint lacks any factual allegations that ACI took any action that directly resulted in the confinement of Plaintiff. Rather, the Complaint indicates that only HOVENSA was involved in temporarily detaining Plaintiff while the police were en route. (Compl. ¶ 18) ("As Noellen was about to pull out with Plaintiff in his truck HOVENSA security arrived at the

site and blocked Noellen's truck and ordered Noellen out of the truck and kept Plaintiff sitting in the truck.")  Furthermore, as already noted, there is no allegation that ACI reported the alleged theft to the police and thus no allegation supporting the inference that ACI acted indirectly to cause the false imprisonment of Plaintiff.[12]   Plaintiff's claim of false imprisonment is unfounded and must therefore be dismissed.

### E.  Count VII: Intentional or negligent infliction of emotional distress

Plaintiff alleges that ACI has intentionally or negligently inflicted emotional distress on Plaintiff.  (Compl. ¶¶ 61-62.)   Plaintiff argues that the conduct alleged in his complaint, including "being falsely accused of theft, without investigation by ACI, directly resulting in his arrest, malicious prosecution, public humiliation, loss of his job and a continuing inability to find new employment" (Pl. Opp. 17-18 (citing Compl. ¶¶ 19, 29, 29, 34, 29, 40)), amounted to "extreme and outrageous conduct" and satisfies the pleading requirement for this cause of action. (Pl. Opp. 18.)  The Complaint also alleges that "[a]s a result of the actions of Defendants," the Plaintiff suffered a litany of harms including "physical and psychological injuries." (Compl. ¶ 40.)

Under Virgin Islands' Law, a party is entitled to recover for emotional distress that is intentionally or recklessly caused by another, whose "extreme and outrageous conduct intentionally or recklessly causes severe emotional distress  . . .  and if bodily harm to the other results from it, for such bodily harm."  *Smith v. Elias*, 2007 WL 4209701, at *4 (V.I. Super. Ct.

---

[12] The Court notes that even if Plaintiff had asserted that ACI had instigated the arrest, no liability would lie with ACI because the Plaintiff has not shown that the arrest itself was illegal.  *Charleswell v. Bank of Nova Scotia*, 2001 WL 1464759, at *2 (Terr. Ct. May 1, 2001) (finding that "[i]n order to prove the liability of one who instigates an arrest, it must be a false arrest, that is, one made without legal authority").   However, because "private parties are not responsible for obtaining arrest warrants" a private party cannot be liable for a false arrest. *Id.* (citing *Monrose v. B and O Enterprises*, 26 V.I. 168, 170 (Terr.Ct.1991)).   Essentially, a private party cannot be liable for false imprisonment based on the allegation that the plaintiff was victim of an unlawful arrest.

2007) (citing Restatement (Second) of Torts § 46(1) (1965)).  "Outrageous conduct" is defined in

the Restatement as conduct "so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

*Seykota*, 2007 WL 683753, at *3 (citing Restatement (Second) of Torts, § 46 cmt. d, 1965).

Where plaintiff alleges a claim of intentional infliction of emotional distress ("IIED"), the court's

role is limited to determining "whether the defendant's conduct may reasonably be regarded as so

extreme and outrageous as to permit recovery, or whether it is necessarily so."  *Smith*, 2007 WL

4209701, at *4 (citing Rest.2d Torts § 46 cmt. h (1965)).  However, this Court has held that

where the gravamen of the IIED complaint sounds in defamation, an independent action for

intentional infliction of emotional distress cannot lie.  *Ali*, 332 F. Supp. 2d at 831 (citing *Barker

v. Huang*, 610 A.2d 1341, 1351 (Del.1992) (collecting cases).  The basis for rejecting such

claims lies in the courts' concern that plaintiffs would circumvent the restrictions imposed on

defamation claims, such as the defense of truth or privilege, if allowed to recast such tort claims

as intentional infliction of emotional distress.  *Barker*, 610 A.2d at 1351 (collecting cases).[13]

The Plaintiff's IIED claim rests on the same allegedly false statement as propounded in support

of the Plaintiff's claim for defamation, "being falsely accused of theft."  (Pl. Opp. 17-18; Compl.

¶¶ 29, 39, 60-61.)  The Court thus finds that Plaintiff's IIED claim must be dismissed.  *Ali*, 332

---

[13] The cases cited by *Barker*, along with the relevant parenthetical, are as follows: *Dworkin v. Hustler Magazine, Inc.*, C.D.Cal., 668 F. Supp. 1408, 1420 (1987) ("Without such a rule, virtually any defective defamation claim ... could be revived by pleading it as one for intentional infliction of emotional distress; thus, circumventing the restrictions, including those imposed by the Constitution, on defamation claims," interpreting California, New York, and Wyoming law); *DeMeo v. Goodall, D.N.H.*, 640 F. Supp. 1115, 1117 (1986) (cause of action for intentional infliction of emotional distress may not be maintained concurrently with a defamation action, interpreting New Hampshire law); *Wilson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 111 A.D.2d 807, 490 N.Y.S.2d 553, 555 (1985) ("[I]t would be improper to allow plaintiff to evade the specific prerequisites for a libel action by presenting his cause of action in terms of the generalized tort of intentional infliction of emotional distress"); *Flynn v. Higham*, 149 Cal.App.3d 677, 197 Cal.Rptr. 145, 148 (1984) ("to allow an independent cause of action for the intentional infliction of emotional distress based on the same acts which would not support a defamation action, would ... render meaningless any defense of ... privilege").

F. Supp. 2d at 831.[14]  Plaintiff's allegation of negligent infliction of emotional distress ("NIED") arguably fails for the same reason.  In any case, the Plaintiff's factual allegations also fail to support the NIED claim.

Under Virgin Islands law, where an actor "unintentionally causes emotional distress to another, he is subject to liability to the other for resulting illness or bodily harm if the actor . . . should have realized that his conduct involved an unreasonable risk of causing the distress . . . and from facts known to him should have realized that the distress, if it were caused, might result in illness or bodily harm."  Restatement (Second) of Torts § 313.  The plaintiff must plead facts that if proven, establish that the defendant's negligent conduct placed him or her in danger and that the plaintiff suffered substantial physical harm to their persons as a result.  *Henry v. St. Croix Alumina, LLC*, 2009 WL 2778011, at *8 (D.V.I. Aug. 28, 2009) (citing Rest. 2d of Torts §§ 313, 436A*; Int'l Islamic Cmty. of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 370 (D.V.I.1997).  Plaintiff has failed to plead facts to support the elements of an NIED claim, and therefore, this claim must also be dismissed.

### F.  Count VIII: Punitive Damages

In Count VIII, Plaintiff asks for punitive damages, alleging that the Defendant's falsehoods about Plaintiff were outrageous and done with such a reckless disregard for the rights of Plaintiff.

---

[14] It is worth noting that in many instances, courts that allow plaintiffs to plead IIED as an independent action stemming from allegedly defamatory statements have held that where the statements are deemed non-actionable statements, the IIED claim resting on those statements cannot be sustained.  *See, e.g., Ault v. Hustler Magazine, Inc.*, 860 F.2d 877, 880 n.1 (9th Cir. 1988) ("[t]here is no independent cause of action for intentional infliction of emotional distress based on the very same acts which are insufficient to support an action for defamation"); *Edelman v. Croonquist*, 2010 WL 1816180, at *9 (D.N.J. May 4, 2010) ("claims for infliction of emotional distress [cannot] proceed when the factual basis for the claim is non-actionable alleged defamation");  *McGee v. Simon & Schuster, Inc.*, 154 F. Supp. 2d 1308, 1315 (S.D. Ohio 2001) (same) (citing *Lusby v. Cincinnati Monthly Pub. Corp.*, 1990 WL 75242, at *3 (6th Cir. 1990)).

However, as this Court has noted before, a claim for punitive damages is not a distinct cause of action and thus it is herein improperly pled as a separate count. *McDonald v. Davis*, 2009 U.S. Dist. LEXIS 17309, at \*55-56 (D.V.I. 2009) (citing *Urgent v. Hovensa, LLC*, 2008 U.S. Dist. LEXIS 77455, \*31 (D.V.I. Oct. 2, 2008)). Therefore, Count VIII must be dismissed. However, the Court's ruling is without prejudice to Plaintiff's request for punitive damages at the appropriate stage of these proceedings. *Id.* at 56.

## IV.    Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is granted. The claim of wrongful discharge set forth in Count II is preempted by § 301 of the LMRA and thus must be dismissed. Plaintiff has failed to state a claim for relief for defamation, malicious prosecution, abuse of process, false imprisonment, as well as intentional and negligent infliction of emotional distress, and thus Counts III, V, VI and VII are dismissed. Count IV does not include any allegations against Defendant ACI and thus, the Court will not rule on the validity of that count. The claim for punitive damages on Count VIII is also dismissed because punitive damages are a remedy and not a cause of action and is not properly included as a cause of action in the Complaint.   An appropriate Order will be entered in conjunction with this Opinion.

**ENTER**:


Dated: June 7, 2010                 _____/s/_____
                                                 HONORABLE RAYMOND L. FINCH
                                                 SENIOR U.S. DISTRICT JUDGE